**IN THE UNITED STATES BANKRUPTCY COURT**
Eastern District of Virginia
Richmond Division

| | |
|---|---|
| In re: Charese Ebony Johnson | Case No. 16-31620-KLP |
| Debtor | Chapter 13 |

Address:    5824 Westower Drive Apt B
            Richmond, VA 23225

Last four digits of Social Security No: xxx-xx-3576 (Debtor)
_____

**CHARESE EBONY JOHNSON,**

      **Plaintiff,**

v.                                                        Adv. Pro. No. 16-03152-KLP

**NC FINANCIAL SOLUTIONS OF UTAH, LLC,**
**d/b/a NETCREDIT**

      **Defendant.**
_____

## NOTICE OF MOTION IN LIMINE

    The above named Debtor has filed a Motion in Limine to Have Attorney's Fee Issue Bifurcated for Trials Set for January 12 and 13, 2017, in this adversary proceeding.

    **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one.

    **Under Local Bankruptcy Rule Number 9013-1 of the Eastern District of Virginia, unless a written response to this motion is filed with Clerk of Court and served on the moving party within 14 days of the service of this notice objecting to the relief requested, the Court may deem any opposition waived, treat the motion in limine as conceded, and issue an order granting the requested relief without further notice or hearing.**

    If you do not want the Court to grant the above-referenced Motion, then within the above time period, you or your attorney must:

| | |
|---|---|
| Emily Connor Fort (VSB #83889) | Thomas D. Domonoske (VSB # 35434) |
| Mark C. Leffler (VSB #40712) | Consumer Litigation Associates |
| Boleman Law Firm, P.C. | 281 N. Mason Street, #811 |
| P.O. Box 11588 | Harrisonburg, VA  22803 |
| Richmond, VA 23230 | Telephone (540)  442-7706 |
| Telephone (804) 358-9900 | Counsel for Plaintiff |
| Counsel for Plaintiff | |

File with the Court a written answer explaining your position at:

>Clerk of Court
>United States Bankruptcy Court
>701 E. Broad Street, Suite 4000
>Richmond, VA 23219-3515

If you mail your response to the Court for filing, you must mail it to the address listed immediately below and early enough so that the Court will **receive** it within the time period state above.

>You must also send a copy to:

>Boleman Law Firm, P.C.
>P.O. Box 11588
>Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.


Dated: December 6, 2016

BOLEMAN LAW FIRM, P.C.
Counsel for Debtor

By:  /s/ Mark C. Leffler
Emily Connor Fort (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230
Telephone (804) 358-9900
Counsel for Plaintiff

Thomas D. Domonoske (VSB # 35434)
Consumer Litigation Associates
281 N. Mason Street, #811
Harrisonburg, VA 22803
Telephone (540) 442-7706
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2016, I have transmitted a true copy of the foregoing document by CM/ECF to Corey S. Booker, Esquire, attorney for NetCredit.

/s/ Mark C. Leffler
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re: Charese Ebony Johnson            Case No. 16-31620-KLP
Debtor            Chapter 13

_____

**CHARESE EBONY JOHNSON,**

           Plaintiff,

v.            Adv. Pro. No. 16-03152-KLP

**NC FINANCIAL SOLUTIONS OF UTAH, LLC,
d/b/a NETCREDIT**

           Defendant.
_____

**MOTION IN LIMINE TO HAVE ATTORNEY'S FEE ISSUE BIFURCATED
FOR TRIALS SET FOR JANUARY 12 AND 13, 2017**

Currently, six violation of stay actions are set for trial against NC Financial Solutions of Utah, LLC, d/b/a NetCredit ("NetCredit") on January 12 and 13, 2017. All six debtors are represented by the same counsel, and NetCredit has claimed that all six cases were caused by the same process at NetCredit. Accordingly, the evidence in each case has significant overlap, and the facts of all cases are relevant to the determination of the egregiousness of Netcredit's repeated violations of the bankruptcy stay. Debtors' actions include a request for attorney's fees as authorized by the bankruptcy rules. The process for determining those fees is not set out in the bankruptcy rules and this Court has the authority to establish the process by which it receives the evidence on fees.

| | |
|---|---|
| Emily Connor Fort (VSB #83889) | Thomas D. Domonoske (VSB # 35434) |
| Mark C. Leffler (VSB #40712) | Consumer Litigation Associates |
| Boleman Law Firm, P.C. | 281 N. Mason Street, #811 |
| P.O. Box 11588 | Harrisonburg, VA  22803 |
| Richmond, VA 23230 | Telephone (540)  442-7706 |
| Telephone (804) 358-9900 | Counsel for Plaintiff |
| Counsel for Plaintiff | |

Because of the significant overlap of the attorneys' time and expenses in each case, the most efficient process for determining the attorneys' fees will be for the Court to determine the fee request for all six cases at one time. Combining the fee determination after the Court's decision on the merits also avoids having attorneys act as both witnesses and advocates in the same proceedings. As is regularly done in other circumstances under Rule 54(d)(2) of the Federal Rules of Civil Procedure, the determination of the amount of fees to be awarded in these six actions should be decided at one time in a subsequent motion process.

The request for fees will include a presentation of counsels' time and hourly rates, which can easily be done by written motion with briefing. It will necessarily involve discussion of the reason for the time devoted to the six cases, and counsels' attempts to pursue them efficiently, again which can be efficiently done by motion and declarations. If such a detailed presentation was made during the substantive presentation during each of the six cases, duplicative testimony would consume this Court's time. Furthermore, taking evidence that separates out the time for each case will necessarily cause additional time to be incurred in this process. If the fees are not bifurcated, Debtors' counsel would play the role of advocate and witness at the same time, and about the same issues, six times in two days.

The Virginia State Bar recognizes the inherent contradiction between a lawyer serving as an advocate for a client's case and a witness at the same time. Although under Rule 3.7(a)(2) of the Virginia Rules of Professional Conduct a lawyer may serve as a witness to offer evidence about the nature and value of legal services rendered in a case, the general prohibition behind Rule 3.7 advises against having a lawyer offer

testimony when the fact finder is deciding issues of liability or damages. Comment [2] to Rule 3.7 discusses the confusion that can result when a lawyer acts as a witness:

> A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

As a result of presenting fees during the main trial, opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer is an advocate in the case.  Furthermore, an advocate who becomes a witness is in the unseemly and ineffective position of arguing her own credibility. The roles of an advocate and witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

A simple way exists to avoid the inefficiencies of six separate presentations of fees in two days: bifurcate the fees from all six into one process after the merits determination. Determining the fees only after a finding of liability and damages resolves the inherent conflict between a lawyer needing to present detailed evidence about the fees while also serving as an advocate at trial. Because the interrelatedness of the evidence about NetCredit's practice, such a combined process also allows the Court to make a fee determination after ruling on the six separate damage liabilities that are the basis for the fees.

If the fee issue is taken up six times within each trial, it will necessarily require that debtors' attorneys become witnesses on the reasonableness of their time in each case, and their testimony will involve explanation for why the case did not settle prior to trial. To support their testimony, counsel will need complete and detailed time records which simply are not available until the hearing on the merits is concluded. Thus, if not

bifurcated, the exhibits necessary at trial simply cannot be completed and submitted to the other side prior to trial. Furthermore, those time records necessarily give insight into debtors' counsels' preparation and provide an undue advantage to NetCredit. To avoid the unseemly and inconsistent position of serving as both advocate and witness, Debtors' counsel should only make their presentation regarding fees in a subsequent motion procedure. All parties can then focus on the main issues of liability and damages, without the need for NetCredit's counsel to attempt to challenge Debtors' counsel's credibility based on evidence it does not receive until the moment of trial.

## **CONCLUSION**

To provide for an efficient presentation of the fees in the six interrelated cases, and to avoid the conflict of lawyers serving as both witnesses and advocates at the trial on the merits, the issue of attorney's fees should be taken up in a subsequent hearing after the Court's liability findings. Debtors request that this Court grant this motion to have attorney's fees decided by the Court in one subsequent combined motion procedure.

Respectfully submitted,
**Charese Ebony Johnson**
By Counsel

By:  /s/ Mark C. Leffler
Emily Connor Fort (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230
Telephone (804) 358-9900
Counsel for Plaintiff

Thomas D. Domonoske (VSB # 35434)
Consumer Litigation Associates
281 N. Mason Street, #811
Harrisonburg, VA  22803
Telephone (540)  442-7706
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2016, I have transmitted a true copy of the foregoing document by CM/ECF to Corey S. Booker, Esquire, attorney for NetCredit.


By:   /s/ Mark C. Leffler
       Counsel for Plaintiff